IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Lisa B. Melvin, | ) | C.A. No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| Prudential Insurance Company of | ) | |
| America, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable

Court as follows:

I.

Plaintiff is a citizen and resident of Conway, South Carolina.

II.

Defendant is an insurance company organized and existing pursuant to the laws of

one of the States of the United States, and which does business in Conway, South Carolina.

III.

In this matter, Plaintiff seeks short term and long term disability benefits under

ERISA plans pursuant to 29 U.S.C. § 1132(a)(1)(B) and this court has jurisdiction to

consider this matter based upon a federal question.  Defendant is subject to jurisdiction in

this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. §

1132(e)), and a number of the events transpiring during the review of Plaintiff's claim

occurred in this forum.

IV.

Page 1 of 4

Until October 2024, Plaintiff was employed with Guild Mortgage Company LLC and as an employee of Guild Mortgage Company LLC, Plaintiff was provided with short term and long term disability coverage via plans which are fully insured by Defendant.  Besides being the insurer of the plans, Defendant is also the sole entity responsible for determining whether claims such as the Plaintiff's should be paid.  Accordingly, Defendant is the claim administrator and a fiduciary of the plan for the purpose of deciding whether benefits are payable.  As the claim administrator, insurer, and fiduciary of the plan in which Plaintiff participated the Defendant is a proper party Defendant in the matter *sub judice* wherein Plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).

## V.

Plaintiff became disabled because of certain problems from which she suffered, Plaintiff was forced to cease working and she filed a claim for short term and long term disability benefits.

## VI.

Defendant denied Plaintiff's claims.  Plaintiff appealed the denial and fully exhausted administrative remedies, but Defendant has failed and refused to provide additional benefits.

## VII.

Defendant made its initial claim decision while operating under a conflict of interest which significantly influenced the Defendant to deny Plaintiff's claims.  The Defendant's initial decision was not based upon substantial evidence or the result of a principled and reasoned decision-making process.  Instead, the Defendant's initial decision was reached by Defendant ignoring relevant evidence pertaining to Plaintiff's claim and, instead, relying upon biased information and flawed expert opinions.  Accordingly, Defendant operated

under a conflict of interest which improperly and significantly influenced its initial claim

decision.

## FOR A FIRST CAUSE OF ACTION

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth

herein.

IX.

Plaintiff respectfully requests that this Court consider the administrative record

compiled in this case and any other evidence relevant to any factors discussed by *Champion*

*v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard

of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the

benefits which she seeks under the terms of the plan.  In the event that the court reviews the

record and/or other relevant information and determines that the Defendant abused its

discretion or that its decision is not supported by the record, but that the substance of the

record might not support Plaintiff's entitlement to benefits then Plaintiff respectfully asks

that, in the event of such a finding, that the court exercise its inherent power to remand

Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant.

Should the court award Plaintiff any part of the relief requested, Plaintiff additionally prays

that the Court award her attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated her complaint against the Defendant, Plaintiff

prays for a declaration of entitlement to the short term and long term disability benefits she

seeks pursuant to 29 U.S.C. §1132(a)(1)(B), attorney's fees and costs pursuant to 29 U.S.C.

§1132(g), and such other and further relief as this Court deems just and proper, including

pre-judgment interest on all benefits due from the point at which benefits were payable

through the time of judgment.

s/ Nathaniel W. Bax
Nathaniel W. Bax, Esq.
Federal Bar #:  09835
**FOSTER LAW FIRM, LLC**
25 Mills Avenue
Greenville, SC 29605
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail:  nbax@fosterfoster.com

Date: September 12, 2025          Attorneys for Plaintiff